UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIARA HOLMES,<br><br>           Plaintiff,<br><br>   v.<br><br>STEVE CHEN, et al.,<br><br>           Defendants. | Case No. 24-cv-00115-JST<br><br>**ORDER DENYING MOTION TO RECUSE**<br><br>Re: ECF No. 84 |

Plaintiff Kiara Holmes has filed a motion for this Court to recuse. ECF No. 84. The Court will deny the motion. *See* Civ. L.R. 3–14.

Motions to disqualify or recuse a judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144.

A judge finding a § 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *See id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. *See id.* at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient).

Pursuant to 28 U.S.C. 144, the standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). "Judges are presumed

1  to be honest and to serve with integrity." *McCray v. Ryan*, 389 F. Supp. 3d 663, 665 (D. Ariz.
2  2019) (citation omitted).

3        Here, Plaintiff's affidavit is not legally sufficient.  Plaintiff avers that a male judge is
4  unable to decide matters concerning gender discrimination.  ECF No. 84 at 4.  That the
5  undersigned is male does not disqualify him from deciding a case alleging discrimination against a
6  woman on the basis of gender.  *See Cruzan v. Special Sch. Dist, No. 1*, 294 F.3d 981, 984 (8th Cir.
7  2002) ("Judges routinely decide hostile environment sexual harassment cases involving plaintiffs
8  of the opposite sex."); *cf. United States v. Cook*, No. 3:18-CR-19-PLR-DCP, 2019 WL 2932660,
9  at *3 (E.D. Tenn. July 8, 2019) ("the Defendant's preference for a male judge is not a reason for a
10 judge to recuse herself.").

11       Plaintiff also asks the Court to recuse because she believes the Court's rulings "seem bias."
12 ECF No. 84 at 4.  Plaintiff does not identify any evidence that supports this assertion.  "A court's
13 adverse rulings are not an adequate basis for recusal."  *Carr v. Allied Waste Sys. of Alameda Cnty.*,
14 No. C 10-00715 WHA, 2010 WL 2557768, at *2 (N.D. Cal. June 23, 2010) (citing *Liteky v.*
15 *United States*, 510 U.S. 540, 549 (1994)).

16       Accordingly, for the foregoing reasons, Plaintiff's motion for disqualification is DENIED.

17 **IT IS SO ORDERED.**

18 Dated:  June 17, 2024



JON S. TIGAR
United States District Judge