UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIARA HOLMES,<br><br>   Plaintiff,<br><br> v.<br><br>STEVE CHEN, et al.,<br><br>   Defendants. | Case No. 24-cv-00115-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND MOTION TO VACATE ENTRY OF DEFAULT; DENYING MOTION FOR DEFAULT JUDGMENT, MOTION TO RECONSIDER DENIAL OF DEFAULT, AND MOTION FOR DISCLOSURES**<br><br>Re: ECF Nos. 22, 41, 42, 56, 57, 61, 73, 76 |

   Before the Court is Defendant Google LLC's motion to dismiss, ECF No. 22, Defendants Alphabet Inc. and YouTube, LLC's motion to dismiss, ECF No. 73, Defendant Shawn Carter's motion to dismiss, ECF No. 76, and Defendant YouTube's motion to vacate entry of default, ECF No. 57. Also before the Court are Plaintiff's motions to reconsider denial of default, ECF Nos. 41, 56, Plaintiff's motion for default judgment, ECF No. 42, and Plaintiff's motion for disclosures, ECF No. 61. The Court will grant the motions in part and deny them in part.[1]

**I. BACKGROUND**

   On January 2, 2024, Plaintiff Kiara Holmes filed this action in the Eastern District of California. ECF No. 1. Three days later, the case was transferred to the Northern District of California and is now pending before this Court. ECF No. 5. Defendants in this action are Google, YouTube, Alphabet, Monica Arnold, Shawn Carter, Larry Page, Jawed Karim, Chad Hurley, and Steve Chen. ECF No. 1 at 7–8. Only Defendants Google, YouTube, Alphabet, and Carter have entered appearances. ECF Nos. 12, 34, 69.

---

[1] The Court finds the motions suitable for disposition without oral argument and hereby vacates the May 30 and June 27, 2024 motions hearings. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

The allegations underlying Plaintiff's complaint are difficult to discern. Plaintiff appears to aver that she is the legal "Queen of Dubai," and that she was a childhood trillionaire before she was robbed of her fortunes. ECF No. 1 at 11. Multiple celebrities, including Monica Arnold, Shawn Carter, and Sean Combs, allegedly conspired to commit a series of crimes against her. *See id.* at 10–13.

Plaintiff claims that she "offered the idea" of Google and YouTube to its founders sometime between 2004 and 2006. *Id.* at 10. She informed the founders that she "would be investing $1 Billion, to contribute to the start up of this company, and to pitch it with a well known celebrity, Shawn Carter, aka Jay Z, as backing it." *Id*. Regarding Defendant Carter in particular, she avers that she knew him from "previously from ghostwriting [his] songs" and that the "funds [she] paid to Mr. Carter to contribute to Google[] were a loan that Mr. Carter needed to pay back." *Id.*

Plaintiff avers that Monica Arnold "had a vendetta against [her] since" she was a child. *Id.* at 11. Indeed, Plaintiff claims that Arnold "pulled a gun on [her] when [she] was a toddler," but Plaintiff convinced Arnold not to shoot her if Plaintiff agreed to become her ghostwriter. *Id.* As to Defendants Alphabet and YouTube, though the facts are somewhat murky, Plaintiff claims that a video on YouTube entitled "Killing The Rats" includes scenes of her being raped. *Id.* at 10, 12, 26–27. Plaintiff blames YouTube for the rape and Alphabet "for not routinely checking to see if child pornographic/pornographic videos were uploaded on site." *Id.* at 14–15.

Plaintiff now demands that her royalties, shares, and portion of Google ownership be returned to her, in addition to payments of $1 billion annually. *Id.* at 14. Plaintiff similarly claims YouTube blackmailed her (in light of her status as Queen of Dubai) and shot her. *Id.* at 10–11. She requests upwards of $150 million in damages from YouTube. *Id.* at 14–15. Plaintiff requests $1,000,000 from Alphabet. *Id.* at 14. Although the remaining Defendants' involvement in this alleged scheme is unclear, Plaintiff seeks monetary damages from them all, as well as "a public apology" from the "Kingdom of Dubai." *Id.* at 14–15.

## II.   JURISDICTION

Plaintiff alleges that this Court has jurisdiction under 28 U.S.C. § 1332.

### III. LEGAL STANDARD

#### A. Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering whether a plaintiff has stated such a claim, the Court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). Where a plaintiff is proceeding pro se, the Court "construe[s] the pleadings liberally" and affords the plaintiff "the benefit of any doubt." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal quotation marks omitted).

#### B. Fed. R. Civ. P. 8

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has made clear that, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not provide "detailed factual allegations," a complaint must contain more than mere "labels and conclusions[,] . . . or naked assertion[s] devoid of further factual enhancement." *Id*. (internal quotation marks omitted). It must provide sufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and to permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

#### C. Fed. R. Civ. P. 55(c)

"The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "[W]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context," because where no judgment has been entered, "there is no interest in the finality of the judgment with which to contend." *United States v.*

3

*Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010).

In assessing whether to set aside a default for good cause, a court looks to whether "(1) the plaintiff would be prejudiced if the judgment is set aside, (2) [the] defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." *In re Hammer*, 940 F.2d 524, 525–26 (9th Cir. 1991). As "[t]his tripartite test is disjunctive," a showing of any one of the three prongs is enough to justify a refusal to set aside the default. *Id*. The Ninth Circuit has consistently emphasized that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

## IV. DISCUSSION

### A. Motion to Vacate Entry of Default

YouTube moves to set aside default, which was entered on March 15, 2024. ECF No. 33. It argues that it was "never validly served with the Complaint," and in the alternative, "[a]ll three good cause factors" to set aside default under Rule 55(c) are satisfied. ECF No. 57 at 5.

The Ninth Circuit has established that where a defendant moves to vacate a default judgment based on improper service of process, the defendant "bears the burden of proving that service did not occur." *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007). To meet this burden, the defendant must "demonstrate through strong and convincing evidence that service was deficient (e.g., through affidavits, discovery materials, or other admissible evidence)." *Martin v. La Luz Del Mundo*, No. 220CV01437ODWASX, 2021 WL 765712, at *4 (C.D. Cal. Feb. 26, 2021) (citing *Internet Sols. for Bus. Inc.*, 509 F.3d at 1163; *Jones v. James Trading Co. Ltd.*, No. CV192674MWFJEMX, 2019 WL 6354392, at *3 (C.D. Cal. July 3, 2019)).

Here, an attorney appearing on behalf of YouTube with "personal knowledge of the facts" has averred that the "documentation provided by Google's agent for service of process" included an incomplete complaint. ECF No. 57-1 at 2; *see* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). Specifically, the attorney declares that the service envelope included the

4

1  six-page complaint form, *see* ECF No. 1 at 1–6, but omitted the attachment form, *see id.* at 7–30.
2  An incomplete complaint does not constitute proper service. ECF No. 57-1 at 2; *see Fuentes v.*
3  *Nat'l Tr. Co. Deutsche Bank*, No. 22-CV-04953-BLF, 2023 WL 2278701, at *2 (N.D. Cal. Feb.
4  27, 2023) (finding service incomplete where plaintiff "did not include the entire complaint, which
5  is required for proper service"); *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528–
6  29 (9th Cir. 1990) (affirming district court's dismissal of complaint for improper service under
7  Rule 4 where plaintiff served an incomplete draft complaint).

Therefore, the Court finds that the default entered against YouTube should be vacated.[2] Further, because YouTube has appeared and indicated its intent to move to dismiss, *see* ECF Nos. 34–35, Plaintiff's motion for default judgment, ECF No. 42, is denied. *See, e.g.*, *McGee v. California*, 2017 WL 902944, at *8 (E.D. Cal. Mar. 3, 2017), *report and recommendation adopted*, 2017 WL 1408168 (E.D. Cal. Apr. 20, 2017) (finding default judgment inappropriate where "defendant has appeared and indicated its intention to defend against plaintiff's claims"); *Chiu v. BAC Home Loans Servicing, LP*, No. 2:11-CV-01400-ECR, 2012 WL 1902918, at *5 (D. Nev. May 25, 2012) (denying motion for default judgment where defendant appeared in case).

**B.    Motion to Dismiss**

**1.    Google, YouTube, Alphabet, and Shawn Carter**

Google, YouTube, Alphabet, and Carter similarly argue that Plaintiff's claims against them should be dismissed because Plaintiff has not pleaded any plausible claims under Rule 8(a). *See* ECF Nos. 22 at 8, 73 at 9–10, 76-1 at 8–9. The Court agrees. Plaintiff fails to state any causes of action in her complaint, and her factual allegations are untethered from reality. Indeed, to accept Plaintiff's assertions at face value, "one would have to believe that she was a trillionaire as a child but her money was stolen, that she is the true Queen of Dubai but that a fake royal family has taken her place, [] that a cabal of celebrities conspired to commit horrific crimes against her," and that she invented Google and YouTube when she was approximately eleven years old. ECF No. 22 at 5; *see Bolar v. Mission Inn*, No. 20-CV-07748-DMR, 2021 WL 11586217, at *2 (N.D. Cal.

---

[2] Because the Court finds that YouTube was not properly served, it declines to reach YouTube's alternative argument under Rule 55(c).

Jan. 28, 2021) (dismissing complaint where Plaintiff's allegations were "implausible, fantastic, and bordering on delusional" and where Plaintiff "also fail[ed] to state any legally sufficient claims for relief.").

### 2. Sua Sponte Dismissal

Although the other Defendants in this matter—including Steve Chen, Chad Hurley, Jawed Karim, and Larry Page—have not yet entered appearances, the court sua sponte dismisses them for the reasons discussed in the preceding section. The Court finds that all Defendants are similarly situated and Plaintiff fails to state a claim against any of them. *See, e.g.*, *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants . . . .").

### 3. Leave to Amend

Because the Court finds that amendment would be futile, Plaintiff's claims against all Defendants are dismissed with prejudice. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (a court has discretion to deny leave to amend because of "futility of the amendment.").

## C. Outstanding Motions

The Court briefly addresses Plaintiff's remaining, outstanding motions. Although Plaintiff's motions are difficult to decipher, she appears to move for reconsideration of denial of default on two occasions. ECF Nos. 41, 56. These motions are denied. *See Powell v. First Mount Vernon Indus. Loan Ass'n*, No. 1:11CV695, 2012 WL 12883595, at *6 (M.D.N.C. Sept. 27, 2012) (denying plaintiff's motion to reconsider denial of default); *Holloway v. Corr. Med. Servs.*, No. 4:06CV1235 CDP, 2007 WL 1445701, at *5 (E.D. Mo. May 11, 2007) (same); *see also* Fed R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, *the clerk* must enter the party's default.") (emphasis added).

Finally, Plaintiff appears to have filed her initial disclosures as a motion. ECF No. 61. Plaintiff is required to serve her disclosures upon any remaining defendants and not upon the

6

1  Court.  *James v. Pompan*, No. 05-CV-1811-JSW (PR), 2006 WL 1529787, at *1 (N.D. Cal. May

2  31, 2006) ("Plaintiff is reminded that discovery matters are to be conducted between the parties

3  and, absent a need for intervention, should not be served on the Court.").  Plaintiff's motion is

4  therefore denied as moot.

## CONCLUSION

For the forgoing reasons, YouTube's motion to vacate the entry of default, ECF No. 57, is granted.  Google, YouTube, Alphabet, and Carter's motions to dismiss, ECF Nos. 22, 73, 76, are also granted.  In addition, the dismissal applies to all other Defendants who have not yet appeared.  The Court denies Plaintiff's motion for default judgment, ECF No. 42; motions to reconsider the denial of default, ECF Nos. 41, 56; and motion for disclosures, ECF No. 61.

**IT IS SO ORDERED.**

Dated:  June 24, 2024

_____
JON S. TIGAR
United States District Judge